IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROSALIND RENAE MILES,           )
                                )
        Plaintiff,               )
                                )
                                )    CIV-13-889-HE
v.                              )
                                )
CAROLYN W. COLVIN,              )
  Acting Commissioner of Social )
  Security Administration,      )
                                )
        Defendant.               )

REPORT AND RECOMMENDATION

Plaintiff, who appears *pro se* and *in forma pauperis*, filed this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability benefits. Plaintiff alleges in her handwritten, one-page Complaint that she is disabled due to an injury to her left arm and hand with resulting nerve damage.

Defendant Commissioner has moved to dismiss the action on the ground that it is not timely filed. To this date, Plaintiff has not responded to the Motion to Dismiss or sought an extension of time to do so, and the time for filing a response pursuant to LCvR 7.1(g)[1] has

---
[1] LCvR 7.1(g) provides that "[e]ach party opposing a motion shall file a repsonse within 21 days after the date the motion was filed. Any motion that is not opposed within 21 days may, in the discretion of the Court, be deemed confessed. The Court may shorten or lengthen the time in which to respond."

1

expired. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's Motion be granted and the cause of action be dismissed as untimely.

Under 42 U.S.C. § 405(g), an individual may challenge an unfavorable decision by the Commissioner by filing a timely request for review in the appropriate federal district court. The time limitation for filing such an appeal is "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." § 405(g). The sixty-day filing requirement operates as a statute of limitations, not a jurisdictional bar. Bowen v. City of New York, 475 U.S. 467, 478 (1986). The provision must, nevertheless, be "strictly construed" as it is a condition on the waiver of the government's sovereign immunity. Id. at 479.

Social security disability applicants may request an extension of time to file an action in federal district court. However, the decision whether to grant an extension lies within the discretion of the Commissioner, acting through the Appeals Council. See 28 U.S.C. §404.982 (providing party may request in writing that time for filing action in federal court be extended and that request must be filed with Appeals Council and must show good cause for missing the deadline). Also see 20 C.F.R. § 416.1482.

Plaintiff alleges in her Complaint that she has filed three applications for disability benefits and that all three applications have been denied. According to the averments in the Declaration of Kathie Hartt, an official in the Social Security Administration's Office of

Disability Adjudication and Review, Plaintiff's latest application was denied in a decision entered by Administrative Law Judge Keltch ("ALJ") on March 9, 2012. Supplement to Motion to Dismiss (Doc. # 14), Declaration of Kathie Hartt, Notice of Decision, and Decision. In a Notice of Action dated May 17, 2013, the Appeals Council affirmed the ALJ's decision. Supplemental to Motion to Dismiss (Doc. # 14), Declaration of Kathie Hartt, Notice of Appeals Council Action dated May 17, 2013. This Notice of Action included notice to Plaintiff of her opportunity to appeal the decision in federal district court within sixty days after she received the decision. Ms. Hartt avers in her Declaration that she is unaware of any request by Plaintiff for an extension of the time to file a civil action in federal district court.

This Court may not review the merits of Plaintiff's appeal if her complaint is untimely filed. Absent any showing that her time for filing the appeal was extended by the agency, the Court must presume that Plaintiff received the Notice of Appeals Council Action on May 22, 2013, five days after the date appearing on the Notice. Given the presumptive date of receipt in this case, the time period for Plaintiff to file an action in this Court expired on July 21, 2013. See 20 C.F.R. § 404.901, 416.1481, 422.210(c).

Plaintiff has not asserted grounds for equitable tolling of the sixty-day limitation period, such as improper government conduct. See Bowen v. City of New York, 476 U.S. 467, 480 (1986)(recognizing "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'")(quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)); Irwin v. Dep't

of Vet. Affairs, 498 U.S. 89, 96 (1990)("Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights").

Accordingly, Defendant Commissioner's Motion to Dismiss the action should be granted, and the cause of action should be dismissed with prejudice as it was not timely filed within the prescribed limitation period and equitably tolling is not applicable.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that Defendant Commissioner's Motion to Dismiss (Doc. # 13) be GRANTED and that the cause of action be DISMISSED with prejudice as it is untimely. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before ____June 2nd, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

4

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this <u>   13th   </u> day of <u>    May    </u>, 2014.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE